ANTHONY GOLDSMITH, Esq (SBN 125621)
STEVEN L. DERBY, Esq. (SBN 148372)
CELIA MCGUINNESS, Esq. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone:  (510) 987-8778
Facsimile:  (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
TIMOTHY CLEVELAND

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>                 Plaintiff,<br><br>v.<br><br>CLEARMAN'S NORTH WOODS INN, INC., a California corporation; THOMAS L. WILLIS as an Individual and in his Capacity as Trustee for the WALLIS M. CLEARMAN TRUST; and DOES 1 through 20, Inclusive,<br><br>                 Defendants. | CASE NO.<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**1. Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq.*]**<br><br>**2. Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]**<br><br>**3. Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Timothy Cleveland ("Plaintiff") has suffered from discrimination as a person with disabilities while patronizing the Clearman's North Woods Inn located at 7247 Rosemead Blvd., San Gabriel, California (the "Restaurant" or "Facility").  Defendants' and/or their employees and agents discriminated against Plaintiff by failing to maintain an accessible restroom as required by federal and State law and failing to provide restroom features, failing to provide accessible dining tables and creating, maintaining (or allowing to remain) the other barriers to access set forth and described herein.  Plaintiff brings this lawsuit to enforce his rights under the Americans

with Disabilities Act and supplementary State laws.  He seeks an order requiring Defendants to make the Restaurant; including the restrooms, tables, doors and associated paths of travel accessible to him and other similarly situated.  Plaintiff also seeks damages, attorneys' fees, costs and litigation expenses.

## JURISDICTION

2.      This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.* (the "ADA").

3.      The Judicial District of the United States District Court for the Central District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a).  All the claims derive from a common nucleus of operative facts and arose out of the same transactions.  The State law claims are so related to the federal action such that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## VENUE

4.      Venue in the Judicial District of the United States District Court for the Central District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the County of Los Angeles, California.

## THE PARTIES

5.      At all times herein relevant, Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l).  He is impacted by paralysis that requires him to use a wheelchair for mobility.  Plaintiff's condition affects the following body systems: Neurological, musculoskeletal, and/or cardiovascular.  Plaintiff's physical impairment substantially limits major life activities, including standing and walking.  Plaintiff cannot perform these activities in the same manner, speed and duration as the average person.

Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment.  The State of California has issued him a permanent disabled parking placard.

6.       Defendants CLEARMAN'S NORTH WOODS INN, INC., a California corporation; THOMAS L. WILLIS as an Individual and in his Capacity as Trustee for the WALLIS M. CLEARMAN TRUST; and DOES 1 through 20, Inclusive, are and at all times mentioned herein were, businesses or corporations or franchises organized and existing and/or doing business under the laws of the State of California.  Plaintiff is informed and believes and based thereon alleges, that the above-named Defendants and each of them, are the owner(s) and/or operator(s) of the Restaurant and/or the Clearman's North Woods Inn restaurant business conducted thereat and/or the real property upon which the Restaurant and its buildings and facilities are located.  The named Defendants will be referred to collectively as "Defendants."

7.       On information and belief, at relevant times Defendants DOES 1 through 10 were or are owners or co-owners of a real property interest in or to the Restaurant.  On information and belief, Defendants DOES 10 through 20 are owners and/or co-owners and/or operators of the Clearman's North Woods Inn restaurant business operated at or near 7247 Rosemead Blvd., San Gabriel, California at the time of the incidents complained of herein and/or at the present time.

8.       Defendants, and each of them, are the owners, operators, lessees and/or lessors of the as public accommodations open to the public under the laws of the United States and the State of California.  They each operate as a business establishment under the laws of the State of California because they provide goods, services and facilities in exchange for money.

9.       Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

**STATEMENT OF FACTS**

10.     On February 15, 2016, Plaintiff visited the Restaurant as a patron.  As noted herein, Plaintiff is a wheelchair user.  Plaintiff attempted to find an accessible restroom but could not.  In addition, Plaintiff found the tables at the restaurant difficult to use and access and struggled with using the available seating.  Because of being unable to use a restroom Plaintiff left the Restaurant.  Since the time of Plaintiff's last visit, he has been informed that there is a unisex restroom that has been designated as accessible but, on information and belief, is still is not fully accessible.  Plaintiff is informed and believes and based thereon alleges, that the barriers in the unisex bathroom restroom include: (i) a lack of fully compliant grab bars and (ii) objects obstructing the clear space at the toilet.  Additionally, Plaintiff is informed and believes and based thereon alleges that the Restaurant still fails to demonstrate a correct number of compliant tables and seating areas.  Further, Plaintiff is informed and believes and based thereon alleges that the intermediate landing at the ramp to entrance to the Restaurant is not level and demonstrates slopes in excess of 3.5% in some areas; that the entrance door to the Restaurant is excessively heavy and that the bottom of the door has a latch that is out of compliance with State and federal access standards because the interior bottom 10" of the door do not demonstrate a smooth, uninterrupted surface.

11.     These conditions constitute deviations from access standards as set forth in the 2004 Americans with Disabilities Act Accessibility Guidelines as well as the earlier 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities.  These conditions also fail to conform with State building regulations set forth in Title 24, Part 2, Volume 1 of the California Code of Regulations, commonly referred to as the California Building Code (the "CBC").

12.     Plaintiff has been frustrated and extremely upset due to Defendants' insensitive and illegal conduct.  Plaintiff experienced loss of enjoyment, humiliation, embarrassment, frustration and other kinds of distress because of the inaccessible condition of the Restaurant and surrounding areas and the lack of accessible restroom facilities and accessible seating areas, all to Plaintiff's general damages in an amount according to proof.

- 4 -

13.     Plaintiff is informed and believes that Defendants' behavior is intentional, and that it maintains discriminatory policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly situated.

**FIRST CLAIM**
**AGAINST DEFENDANTS**
**(For Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990)**

14.     Based on the facts and allegations pled in Paragraphs 1 through 13 above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that each Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7).  The condition of Defendants' Restaurant and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and 12182(b)(1)(A).  As set forth in this Complaint, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff was denied equal access to and enjoyment of the Restaurant.

15.     Plaintiff has physical disabilities as alleged in Paragraph 5 above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when compared to the average person.  Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

16.     One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv).  That section prohibits, in pertinent part: "A failure to

remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

17.     Plaintiff alleges that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36). Further, assuming, *arguendo*, that Defendants were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," Defendants have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

18.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." Additionally, Defendants have conspicuously failed to obey the provisions of section 36.211 of 28 CFR 36 that requires public accommodations to maintain features that are required to be accessible.

19.     Based on the facts and allegations pled herein, Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA. Additionally, Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively navigate the Restaurant.

20.     Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered the Restaurant on or after January 26, 1992, in a manner that affects the usability and accessibility of the Restaurant. The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations. In

- 6 -

1  this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described

2  herein prohibits:

3           (2) with respect to a Restaurant or part thereof that is altered by, on behalf
   of, or for the use of an establishment in a manner that affects or could affect the
4  usability of the Restaurant or part thereof, a failure to make alterations in such a
   manner that, to the maximum extent feasible, the altered portions of the Restaurant
5  are readily accessible to and usable by individuals with disabilities, including
   individuals who use wheelchairs. Where the entity is undertaking an alteration that
6  affects or could affect usability of or access to an area of the Restaurant containing
   a primary function, the entity shall also make the alterations in such a manner that,
7  to the maximum extent feasible, the path of travel to the altered area and the
   bathrooms, telephones, and drinking fountains serving the altered area, are readily
8  accessible to and usable by individuals with disabilities where such alterations to
   the path of travel or the bathrooms, telephones, and drinking fountains serving the
9  altered area are not disproportionate to the overall alterations in terms of cost and
   scope (as determined under criteria established by the Attorney General).

10

11 Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced

12 in 42 U.S.C. section 12183(a)(2).  As enforceable at the time of the incidents alleged herein,

13 section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

14 (a)    General. (1) Any alteration to a place of public accommodation or a
   commercial Restaurant, after January 26, 1992, shall be made so as to ensure that,
15 to the maximum extent feasible, the altered portions of the Restaurant are readily
   accessible to and usable by individuals with disabilities, including individuals who
16 use wheelchairs.

17          (2)  An alteration is deemed to be undertaken after January 26, 1992, if the
   physical alteration of the property begins after that date.

18
   (b)  Alteration. For the purposes of this part, an alteration is a change to a place of
19 public accommodation or a commercial Restaurant that affects or could affect the
   usability of the building or Restaurant or any part thereof.

20
           (1)  Alterations include, but are not limited to, remodeling, renovation,
21 rehabilitation, reconstruction, historic restoration, changes or rearrangement in
   structural parts or elements, and changes or rearrangement in the plan
22 configuration of walls and full-height partitions...

23          (2)  If existing elements, spaces, or common areas are altered, then each
   such altered element, space, or area shall comply with the applicable provisions of
24 appendix A to this part.

25 Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be

26 conducted in connection with certain alterations. That section, as enforceable at the time of the

27 incidents alleged herein states, in pertinent part:

28 (a)  General. An alteration that affects or could affect the usability of or access to

- 7 -

an area of a Restaurant that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e) Path of Travel. (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the Restaurant, and other parts of the Restaurant.

(2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

21.     Based on the facts and allegations pled at Paragraphs 1 through 20  above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Restaurant or: (i) remove architectural and other barriers at Defendants' property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' place of business but is deterred from doing so because of the barriers set forth herein.  Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including a paid monitor, is necessary to assure that Defendants comply with the applicable requirements of the ADA.  Other access barriers may exist at the Restaurant.  Plaintiff will seek leave to amend this Complaint after a site survey of the premises by his access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th

1    Cir. 2008).

2

3                           **SECOND CLAIM**
                         **AGAINST DEFENDANTS**
4          **(For Denial of Full and Equal Access in Violation of**
               **California Civil Code Sections 54 and 54.1)**
5

6          22.    Based on the facts and allegations pled in Paragraphs 1 through 21 above and

7    elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference),

8    Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's

9    rights under sections 54 and 54.1 of the California Civil Code.  At all times relevant to this

10   Action, California Civil Code sections 54 and 54.1 have provided that physically disabled

11   persons are not to be discriminated against because of their physical disabilities and that they

12   shall have full and equal use of public facilities and other public places.

13         23.    Section 54(a) of the California Civil Code states that individuals with disabilities

14   or medical conditions have the same right as the general public to the full and free use of the

15   streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals,

16   clinics and physicians' offices, public facilities and other public places.

17         24.    Plaintiff is an individual with a disability as defined in California Government

18   Code section 12926.

19         25.    California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

20         54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as
           other members of the general public, to accommodations, advantages, facilities, ...
21         places of public accommodation, amusement, or resort, and other places to which
           the general public is invited, subject only to the conditions and limitations
22         established by law, or state or federal regulation, and applicable alike to all
           persons.
23

24         26.    California Health & Safety Code section 19955 provides, in pertinent part:

25         The purpose of this part is to ensure that public accommodations or facilities
           constructed in this state with private funds adhere to the provisions of Chapter 7
26         (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.
           For the purposes of this part 'public accommodation or facilities' means a
27         building, structure, Restaurant, complex or improved area which is used by the
           general public...  When sanitary facilities are made available for the public, clients
28         or employees in such accommodations or facilities they shall be made available for

                                           - 9 -

the handicapped.

27.     California Health & Safety Code section 19956, which is in the same Chapter as section 19955, provides, in pertinent part: "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code."

28.     California Health & Safety Code section 19956 became operative on July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

29.     Plaintiff is informed and believes and based thereon alleges, that the Restaurant was constructed and/or has been substantially altered or modified after July 1, 1970.

30.     Pursuant to the authority delegated by Government Code section 4450, *et seq.*, the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the Health & Safety Code and the Government Code.  Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the current version of the California Building Code and its antecedents (Title 24-2 of the California Code of Regulations).

31.     Plaintiff is informed and believes, and based thereon alleges, that the construction, alterations, remodeling and renovations that have been conducted since July 1, 1970, were conducted in violation of the above provisions of California law and the CBC.

32.     A violation of the above referenced sections of the Health & Safety Code and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

33.     Each violation of the Americans with Disabilities Act of 1990 also constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

34.     Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities

as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

35.    The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Restaurant and the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM**
**AGAINST DEFENDANTS**
**(For Violation of Section 51 of the California Civil Code)**

36.    At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.  Based on the facts and allegations pled at Paragraphs 1 through 35 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

37.    Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

38.    California Civil Code section 51(b) provides, in pertinent part:

(b)    All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39.    Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

40.    Section 52(a) of the California Civil Code provides as follows:

(a)    Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury,

or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

41.    The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights.  Parties who own and/or operate restaurants are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA.  Defendants intentionally allowed the barriers complained of herein to remain at the Restaurant and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated.  Plaintiff's damages resulted from Defendants' intentional acts and omissions.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

## PRAYER FOR RELIEF

A.    For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law;

B.    For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C.    In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

D.    For injunctive relief pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code.  Plaintiff requests that this Court enjoin Defendants from continuing to do business at the Restaurant prior to removing all architectural and policy barriers and otherwise complying with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the Restaurant fully accessible to

- 12 -

1    people with disabilities, all in compliance with the standards set forth in the ADAAG and the

2    CBC.  Plaintiff does not request any injunctive relief pursuant to section 55 of the California Civil

3    Code or section 19953 of the California Health & Safety Code;

4         E.       For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil

5    Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

6         F.       For such other further relief as the Court deems proper.

7

8    Date: February 13, 2018                    DERBY, McGUINNESS & GOLDSMITH, LLP

9                                               _____*/s/ Anthony Goldsmith*_____

10                                              By Anthony Goldsmith, Esq.
                                                Attorneys for Plaintiff
11                                              TIMOTHY CLEVELAND

12                              **DEMAND FOR JURY**

13              Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15   Date: February 13, 2018                    DERBY, McGUINNESS & GOLDSMITH, LLP

16                                              _____*/s/ Anthony Goldsmith*_____

17                                              By Anthony Goldsmith, Esq.
                                                Attorneys for Plaintiff
18                                              TIMOTHY CLEVELAND

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES